United States District Court
Southern District of Texas
**ENTERED**
August 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **Criminal Case No. 7:23-CR-00051-005** |
| | § | |
| **BALDEMAR MALACARA NOYOLA, JR.** | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the July 16, 2026, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge J. Scott Hacker. (Dkt. No. 671). Judge Hacker made findings and conclusions and recommended that Defendant's Motion for Compassionate Release/to Reduce Sentence Pursuant to 18 U.S.C. § 3581(c)(1)(A), (Dkt. No. 632), be denied, (Dkt. No. 671).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On July 30, 2026, Defendant filed nine objections. (Dkt. No. 672). These objections allege that Judge Hacker's M&R erred in (1) treating the supervised-release issue as foreclosed by a separate, non-final recommendation and in failing to address the defendant's actual arguments, (2) in accepting the "deportable alien" premise while ignoring the defendant's pending claim to derivative United States citizenship, (3) holding the family-circumstances ground barred for lack of exhaustion, (4) rejecting the family-circumstances ground as "conclusory" on an incomplete record it raised sua sponte, (5) its extraordinary-and-compelling analysis by adopting the minority view without addressing the defendant's distinctions and contrary authority, (6) its application of *United States v. Escajeda*, 58 F.4th

184 (5th Cir. 2023) and in finding, without record support, that the sentencing judge was aware of the effect of the supervised-release omission, (7) its analysis of the Section 3553(a) sentencing factors, (8) disposing of the Section 1B1.13 Guidelines-consistency requirement in a single conclusory sentence, and (9) improperly relying on a non-final recommendation as established fact and failed to address material arguments, precluding meaningful review. (Dkt. No. 672).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Judge Hacker's M&R, (Dkt. No. 671), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2) Defendant's Motion for Compassionate Release/to Reduce Sentence Pursuant to 18 U.S.C. § 3581(c)(1)(A), (Dkt. No. 632), is **DENIED**.

It is SO ORDERED.

Signed on August 13, 2026.

Drew B. Tipton

DREW B. TIPTON
**UNITED STATES DISTRICT JUDGE**